Hudson County Circuit Court.

JAMES MITCHELL, INCORPORATED, PLAINTIFF, v. UN-
KNOWN EXECUTORS, ADMINISTRATORS, TRUSTEES,
HEIRS AND/OR DEVISEES OF IVAR KREUGER, DE-
CEASED, DEFENDANTS.

———

MAME C. HOLBROOK, PLAINTIFF, v. IVAR KREUGER, HIS
UNKNOWN EXECUTORS, ADMINISTRATORS, TRUS-
TEES, HEIRS AND/OR DEVISEES, DEFENDANTS.

Decided November 12, 1932.

For the plaintiff James Mitchell, Incorporated, *Carey &
Lane*.

For the plaintiff Mame C. Holbrook, *John D. McMaster*.

For Eliel Lofgran, administrator of the estate of Ivar Kreu-
ger, deceased, Anders Jordahl and Mary D. Jordahl, specially
appearing for the purpose of this motion, *McCarter & English*.

Brown, C. C. J. The administrators of the estate of Ivar
Kreuger and the alleged owners of the property in question,
entering a special appearance for that purpose, seek to set
aside the writs of attachment issued in the above entitled
cases. Because of the similarity of the causes of action and
the proceedings taken the questions raised can be determined

in one decision. An attachment was issued in each case upon the order of a Supreme Court commissioner under section 84 of the Practice act (*Comp. Stat., p.* 4076), which provides:

"84. An action may be commenced by attachment against the property, real and personal, of any person, corporation or organization against whom a writ of summons might issue, upon proof by affidavit or otherwise to the satisfaction of the court in which an action is about to be commenced, or to a judge or Supreme Court commissioner, establishing: * * *

"That a cause of action existed against a decedent which survives against his heirs or devisees, and that such heirs or devisees or some of them are unknown or non-resident, and that there is property in this state which is by law liable to answer such cause of action."

The orders made by the commissioner are questioned on the grounds that the affidavits upon which the orders for the writs of attachment are based fail to establish that the plaintiffs have a legal cause of action against the defendants; that the affidavits do not present competent evidence that the plaintiffs have a cause of action against the estate of the decedent, Ivar Kreuger, which survived against his heirs or devisees and that such heirs and devisees, or some of them, are unknown or non-resident and that there is property in this state which is liable to attachment. The Court of Errors and Appeals in the case of *Jaudel* v. *Schoelzke,* 95 *N. J. L.* 171, decided that in this state it is settled beyond debate that where a legislative act requires proof to be made of certain facts, as required in the present instances, it means competent evidence such as would be admissible on a trial in a court of justice. The averments in the affidavits under consideration do not meet this test. The plaintiffs in their affidavits say they purchased certain bonds not of the deceased Ivar Kreuger but of a corporation named the "International Match Corporation," and offered to them for sale by "Lee Higginson & Company," bankers for the match company. The plaintiffs say they relied upon the truth of the notification contained in the offer made which included a financial statement of earnings from the year 1926 to the date of sale; that it is a matter of common knowledge throughout the

world and "has been brought out in examinations before the receiver of the International Match Company," in the city of New York, that the financial statements and earning statements which had been issued of the condition of said corporation and upon which the securitities of that corporation were purchased, were false and did not expose the true condition of the affairs of said company and its allied companies. The affiants further alleged "Ivar Kreuger was the man in control of said International Match Corporation and said allied corporations and due to the fact that the falsifications were discovered by other financial interests with whom he was dealing, he, on being called for an accounting, committed suicide; that because of the said fraudulent acts of the said Ivar Kreuger, that the plaintiffs in the purchase of said bonds as heretofore set forth, were defrauded and have a cause of action for the recovery of money paid for said bonds against the said Ivar Kreuger at the time of his death, which cause of action survives against his heirs or devisees. I am informed that there is deposited in the Journal Square National Bank property in their safe deposit vaults in the name of one Anders Jordahl. That said Anders Jordahl also has a safe deposit box in the Hudson County National Bank in Jersey City in which I believe valuable securities are deposited. The said property was deposited with the Journal Square National Bank and said safe deposit box was taken out in the Hudson County National Bank shortly after the death of the said Ivar Kreuger. That I have also been informed that said Anders Jordahl was the confidential agent and representative of or associated with the said Ivar Kreuger in this country, and as a matter of fact, was the lessee of the apartment in New York City in which the said Ivar Kreuger stayed when he was in New York. I, therefore, have good reason to believe that all or some of the property hereinbefore mentioned is property of the said Ivar Kreuger, which was gotten out of the State of New York, where the receivership proceedings are pending against the International Match Corporation. Furthermore, that according to newspaper accounts of the receivership proceedings, it has been testified that certain property was taken out of this apartment and

attempt has been made to locate the said Anders Jordahl which has been unsuccessful." It will be seen at a glance that those copious references to the affidavits do not disclose statements of fact that would be admissible at a trial. The affiants do not disclose the contents of the notification of sale or of the financial statements; by whom signed or to whom addressed. The allegations of the affidavits are conclusions based upon hearsay statements the author and contents of which remain undisclosed. There is no competent proof that Kreuger was in control of the match company or that he committed suicide. There is no competent proof to show that Kreuger was responsible for the acts of the match company or that Kreuger had anything to do with the sale of the bonds. The plaintiffs in part of their affidavits refer to newspaper reports to support some of the statements made. They fail to disclose the name of the newspaper and even if they did it would overcome the hearsay effect of such information. Newspaper announcements of the death of a person are inadmissible to prove death. 17 *Corp. Jur.* 1177. Competent evidence is lacking to prove that the property attached was the property of Kreuger and the relationship of Anders Jordahl to him. In order for the commissioner to make an order awarding a writ of attachment he must adjudicate upon the facts before him and that he did so must appear upon the face of the order and that the proof of the particulars necessary to authorize the awarding of the writ was satisfactory. *Hisor* v. *Vandiver*, 83 *N. J. L.* 438. The orders awarding writs in the cases which are the subject-matter of the motions now being considered do not meet the requirements above indicated. The plaintiffs in their briefs attempt to meet the charge of the insufficiency of the affidavits and order by stating that the "common knowledge of the world about the man Kreuger, establishes and specifies in sufficient particulars" the right of action of the plaintiffs. What the plaintiff invokes is the rule that the court may take judicial notice of matters of common knowledge. Judicial notice is the cognizance of certain facts which judges and jurors may properly take and act upon without proof because they already know them. Courts may properly take judicial no-

tice of facts that may be regarded as forming part of the common knowledge of every person of ordinary understanding and intelligence, generally known within the limits of their jurisdiction. It is necessary that the community throughout which a fact is supposed to be known should be one whose extent bears some reasonable relation to the territorial jurisdiction of the court itself. What may be a proper subject of judicial notice at one time or place may not be at another. Notoriety of the death and financial operations of Kreuger might be known in the community where he lived and died but it is not of sufficient certainty and common knowledge to be known in this jurisdiction. Is the fact one of every common every-day knowledge in the jurisdiction of the State of New Jersey which everyone of average intelligence and knowledge of things about him can be presumed to know? and, is it certain and indisputable? Those are the tests. The affidavits in this cause do not meet this test on the question of common knowledge.

The plaintiffs also contend that the special appearance made by defendants on these motions to quash involves a determination of the merits of the action and is equivalent to a general appearance and that the defendants thereby waive any defect in the affidavits and orders. It is proper procedure for an attorney to enter a special appearance for the purpose of making a motion to quash a writ of attachment or to question the jurisdiction of the court. In the case of *Franklyn* v. *Taylor Hydraulic, &c., Co.,* 68 *N. J. L.* 113, an appearance was entered for the purpose of moving to quash the attachment. The court held in that case that the appearance was not a general appearance. When a motion is made which can be granted only upon the assumption that the court has acquired jurisdiction it is a general appearance. A motion to quash will not produce that result if its limited purpose is first declared on the record. The writs of attachment will be set aside and orders may be entered accordingly.